THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
THOMAS E. FRANKOVICH (State Bar No. 074414)
4328 Redwood Hwy., Suite 300
San Rafael, CA 94903
Telephone:    415/674-8600
Facsimile:    415/674-9900

Attorneys for Plaintiff
CRAIG YATES, an individual

E-filing

ORIGINAL
FILED
2010 APR -2 P 4: 59
CLERK, RICHARD W. WIEKING
U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

CV 10 1411

MEJ

| | |
|---|---|
| CRAIG YATES, an individual,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THAINA CAFÉ LLC, a California Limited Liability Company; and STAR 94 LLC, a California Limited Liability Company,<br><br>　　　　Defendants. | CASE NO.<br>**Civil Rights**<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**<br><br>**1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)<br><br>**2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3<br><br>**3rd CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act)<br><br>**DEMAND FOR JURY** |

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  Plaintiff CRAIG YATES, an individual, complains of defendants THAINA CAFÉ LLC, a

2  California Limited Liability Company; and STAR 94 LLC, a California Limited Liability

3  Company and alleges as follows:

4  **INTRODUCTION:**

5  1.  This is a civil rights action for discrimination against persons with physical

6  disabilities, of which class plaintiff CRAIG YATES and the disability community are members,

7  for failure to remove architectural barriers structural in nature at defendants' THAINA CAFE, a

8  place of public accommodation, thereby discriminatorily denying plaintiff and the class of other

9  similarly situated persons with physical disabilities access to, the full and equal enjoyment of,

10  opportunity to participate in, and benefit from, the goods, facilities, services, and

11  accommodations thereof.  Plaintiff seeks injunctive relief and damages pursuant to the

12  Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,

13  51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

14  2.  Plaintiff CRAIG YATES is a person with physical disabilities who, on or about

15  October 20, 2009, January 16, 2010, March 2, 2010, March 13, 2010 and March 22, 2010, was

16  an invitee, guest, patron, customer at defendants' THAINA CAFE, in the City of San Francisco,

17  California.  At said times and place, defendants failed to provide proper legal access to the

18  subject cafe, which is a "public accommodation" and/or a "public facility" including, but not

19  limited to entrance, men's restroom and women's restroom.  The denial of access was in

20  violation of both federal and California legal requirements, and plaintiff CRAIG YATES

21  suffered violation of his civil rights to full and equal access, and was embarrassed and

22  humiliated.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**JURISDICTION AND VENUE:**

3.      **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Building Standards Code.

4.      **Venue:** Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 2414 Lombard Street, in the City and County of San Francisco, State of California, and that plaintiff's causes of action arose in this county.

**PARTIES:**

5.      Plaintiff CRAIG YATES is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff CRAIG YATES is a "person with physical disabilities", as defined by all applicable California and United States laws. Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

6.     Defendants THAINA CAFÉ LLC, a California Limited Liability Company; and STAR 94 LLC, a California Limited Liability Company (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as THAINA CAFE, located at/near 2414 Lombard Street, San Francisco, California, or of the building and/or buildings which constitute said public accommodation.

7.     At all times relevant to this complaint, defendants THAINA CAFÉ LLC, a California Limited Liability Company; and STAR 94 LLC, a California Limited Liability Company, own and operate in joint venture the subject THAINA CAFÉ as a public accommodation. This business is open to the general public and conducts business therein. The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

8.     At all times relevant to this complaint, defendants THAINA CAFÉ LLC, a California Limited Liability Company; and STAR 94 LLC, a California Limited Liability Company are jointly and severally responsible to identify and remove architectural barriers at the subject THAINA CAFÉ pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

**§ 36.201      General**

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**PRELIMINARY FACTUAL ALLEGATIONS:**

9.       The THAINA CAFE, is a restaurant, located at/near 2414 Lombard Street, San Francisco, California.  The subject cafe, its entrance, men's restroom, women's restroom, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.  On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the THAINA CAFE and each of its facilities, its entrance, men's restroom and women's restroom to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

10.      On or about 2005, defendants' and each of them came to acquire through relatives the THAINA CAFÉ.  At all times prior thereto, defendants' and each of them were aware of their obligation prior to the transferring of deeds, or upon taking possessory interest that public accommodations had a duty to identify and remove architectural barriers and were aware that THAINA CAFÉ was not accessible to the disabled.  Nevertheless, defendants' and each of them, operated the subject café as though it was accessible.

11.      At all times stated herein, defendants' and each of them with the knowledge that each of them had a continuing obligation to identify and remove architectural barriers where it was readily achievable to do so, failed to adopt a transition plan to provide better and/or compliant access to the subject accommodation.

12.      At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the THAINA CAFE as being handicapped accessible and handicapped usable.

13.      On or about October 20, 2009, January 16, 2010, March 2, 2010, March 13, 2010 and March 22, 2010, plaintiff CRAIG YATES was an invitee and guest at the subject THAINA CAFE, for purposes of having food and drink.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

5

14.     On or about October 20, 2009, January 16, 2010, March 2, 2010, March 13, 2010 and March 22, 2010, plaintiff CRAIG YATES encountered an inaccessible entrance. The entrance had no strike side clearance and excessive door pressure on a slight sloped landing.

15.     At all times, plaintiff CRAIG YATES had to have the assistance of a third party.

16.     On or about October 20, 2009, January 16, 2010, March 2, 2010, March 13, 2010 and March 22, 2010, plaintiff CRAIG YATES encountered a men's restroom and women's restroom that was not accessible to either wheelchair users or the semi-ambulatory.

17.     Therefore, at said times and place, plaintiff CRAIG YATES, a person with a disability, encountered the following inaccessible elements of the subject THAINA CAFÉ which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

         a.     lack of an accessible entrance (strike side clearance, landing and door pressure);

         b.     lack of a handicapped-accessible women's public restroom;

         c.     lack of a handicapped-accessible men's public restroom;

         d.     lack of proper signage; and

         e.     On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

18.     At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

19.     On or about October 23, 2009, defendant(s) were sent two (2) letters by or on behalf of plaintiff CRAIG YATES advising of the existence of architectural barriers, requesting a response within 14 days and requesting remedial measures be undertaken within 90 days or an explanation of why the time limit set could not be met and/or extenuating circumstances.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though

2  fully set forth herein.  Defendants' failure to respond evidenced an intent not to seek or engage in

3  an early and reasonable resolution of the matter.

4      20.    As a legal result of defendants THAINA CAFÉ LLC, a California Limited Liability

5  Company; and STAR 94 LLC, a California Limited Liability Company's failure to act as a

6  reasonable and prudent public accommodation in identifying, removing or creating architectural

7  barriers, policies, practices and procedures that denied access to plaintiff  and other persons with

8  disabilities, plaintiff suffered the damages as alleged herein.

9      21.    Further, plaintiff CRAIG YATES suffered emotional distress, mental distress,

10  mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,

11  embarrassment, anger, disappointment and worry, expectedly and naturally associated with a

12  person with physical disabilities being denied access, all to his damages as prayed hereinafter in

13  an amount within the jurisdiction of this court.  No claim is being made for mental and emotional

14  distress over and above that usually associated with the discrimination and physical injuries

15  claimed, and no expert testimony regarding this usual mental and emotional distress will be

16  presented at trial in support of the claim for damages.

17      22.    Defendants', and each of their, failure to remove the architectural barriers

18  complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public

19  accommodation, and continues to create continuous and repeated exposure to substantially the

20  same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

21      23.    Plaintiff CRAIG YATES was denied his rights to equal access to a public facility

22  by defendants THAINA CAFÉ LLC, a California Limited Liability Company; and STAR 94 LLC,

23  a California Limited Liability Company, because defendants THAINA CAFÉ LLC, a California

24  Limited Liability Company; and STAR 94 LLC, a California Limited Liability Company

25  maintained a café without access for persons with physical disabilities to its facilities, including

26  but not limited to the entrance, men's restroom, and women's restroom, and other public areas as

27  stated herein, and continue to the date of filing this complaint to deny equal access to plaintiff and

28  other persons with physical disabilities in these and other ways.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    24.    On information and belief, construction alterations carried out by defendants have

2    also triggered access requirements under both California law and the Americans with Disabilities

3    Act of 1990.

4    25.    Plaintiff, as described hereinbelow, seeks injunctive relief to require the THAINA

5    CAFE to be made accessible to meet the requirements of both California law and the Americans

6    with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the

7    subject cafe as a public facility.

8    26.    Plaintiff seeks damages for violation of their civil rights on October 20, 2009,

9    January 16, 2010, March 2, 2010, March 13, 2010 and March 22, 2010 and seeks statutory

10   damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to

11   Civil Code §54.3, for each day after his visit that the trier of fact (court/jury) determines was the

12   date that some or all remedial work should have been completed under the standard that the

13   landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was

14   readily achievable to do so, which deterred plaintiff CRAIG YATES from returning to the subject

15   public accommodation because of his knowledge and/or belief that neither some or all

16   architectural barriers had been removed and that said premises remains inaccessible to persons

17   with disabilities whether a wheelchair user or otherwise.

18   27.    On information and belief, defendants have been negligent in their affirmative duty

19   to identify the architectural barriers complained of herein and negligent in the removal of some or

20   all of said barriers.

21   28.    Because of defendants' violations, plaintiff and other persons with physical

22   disabilities are unable to use public facilities such as those owned and operated by defendants on a

23   "full and equal" basis unless such facility is in compliance with the provisions of the Americans

24   with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and

25   other accessibility law as plead herein.  Plaintiff seeks an order from this court compelling

26   defendants to make the THAINA CAFE accessible to persons with disabilities.

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

29.     On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24.  The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiff, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of plaintiff and other similarly situated persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators and landlords of other cafes and other public facilities, and to punish defendants and to carry out the purposes of  the Civil Code §§ 51, 51.5 and 54.

30.     Plaintiff is informed and believes and therefore alleges that defendants THAINA CAFÉ LLC, a California Limited Liability Company; and STAR 94 LLC, a California Limited Liability Company, and each of them, caused the subject building(s) which constitute the THAINA CAFÉ to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the subject café and were denied full and equal use of said public facilities.  Furthermore, on information and belief, defendants have continued to maintain and operate said café and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to such defendants that the configuration of the THAINA CAFE and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff CRAIG YATES, and other members of the disability community.  Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

///

///

///

///

31.     On personal knowledge, information and belief, the basis of defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the THAINA CAFE and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to, communications with invitees and guests, plaintiff CRAIG YATES himself, owners of other restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information. Defendants' failure, under state and federal law, to make the THAINA CAFÉ accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. Despite being informed of such effect on plaintiff and other persons with physical disabilities due to the lack of accessible facilities, defendants, and each of them, knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for plaintiff and other persons with physical disabilities to the THAINA CAFE. Said defendants, and each of them, have continued such practices, in conscious disregard for the rights of plaintiff and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon. Defendants had further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the defendants and served concurrently with the summons and complaint. Said conduct, with knowledge of the effect it was and is having on plaintiff and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of plaintiff and of other similarly situated persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

32.     Plaintiff CRAIG YATES and the disability community, consisting of persons with disabilities, would, could and will return to the subject public accommodation when it is made accessible to persons with disabilities.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

I. **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiff CRAIG YATES, an individual and Against Defendants THAINA CAFÉ LLC, a California Limited Liability Company; and STAR 94 LLC, a California Limited Liability Company, inclusive)
(42 U.S.C. §12101, *et seq.*)

33.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 32 of this complaint.

34.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

35.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

36.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> ---
>
> (B) a restaurant, bar or other establishment serving food or drink.

42 U.S.C. §12181(7)(B)

37.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

38.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
>
> (ii)     a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;
>
> (iii)     a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

///

  (iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

  (v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages and accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

  39. The removal of the barriers complained of by plaintiff as hereinabove alleged were at all times after January 26, 1992 "readily achievable" as to the subject building(s) of THAINA CAFÉ pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

  40. Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

  41. On information and belief, construction work on, and modifications of, the subject building(s) of the subject café occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   42.   Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*

2   *seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights

3   Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis

4   of disability in violation of this title or have reasonable grounds for believing that plaintiff is about

5   to be subjected to discrimination in violation of §302.  Plaintiff is deterred from returning to or

6   making use of the public facilities complained of herein so long as the premises and defendants'

7   policies bar full and equal use by persons with physical disabilities.

8   43.   42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a

9   disability to engage in a futile gesture if such person has actual notice that a person or

10  organization covered by this title does not intend to comply with its provisions."  Pursuant to this

11  section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about

12  March 22, 2010, but on information and belief, alleges that defendants have continued to violate

13  the law and deny the rights of plaintiff and of other persons with physical disabilities to access this

14  public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of

15  §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such

16  facilities readily accessible to and usable by individuals with disabilities to the extent required by

17  this title."

18  44.   Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights

19  Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

20  the Americans with Disabilities Act of 1990, including but not limited to an order granting

21  injunctive relief and attorneys' fees.  Plaintiff will seek attorneys' fees conditioned upon being

22  deemed to be the prevailing party.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants THAINA CAFÉ LLC, a California Limited Liability Company; and STAR 94 LLC, a California Limited Liability Company, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

45.    Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 44 of this complaint.

46.    At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

47.    California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

48.    California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

49.    Plaintiff CRAIG YATES is a person within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1.  Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1.  Plaintiff has been and continue to be denied full and equal access to defendants' THAINA CAFE.  As a legal result, plaintiff is entitled to seek damages pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for each day on which he visited or have been deterred from visiting the cafe because of his knowledge and belief that the subject café is inaccessible to persons with disabilities.  California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

50.    On or about October 20, 2009, January 16, 2010, March 2, 2010, March 13, 2010 and March 22, 2010, plaintiff CRAIG YATES suffered violations of Civil Code §§54 and 54.1 in that plaintiff CRAIG YATES was denied access to entrance, men's restroom, women's restroom and other public facilities as stated herein at the THAINA CAFE and on the basis that plaintiff CRAIG YATES was a person with physical disabilities.  CRAIG YATES suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.

///

///

1  Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole

2  basis that plaintiff is a person or an entity that represents persons with physical disabilities and

3  unable, because of the architectural barriers created and maintained by the defendants in violation

4  of the subject laws, to use the public facilities hereinabove described on a full and equal basis as

5  other persons.

6        51.    Plaintiff has been damaged by defendants', and each of their, wrongful conduct and

7  seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights

8  as a person or an entity that represents persons with physical disabilities on or about October 20,

9  2009, January 16, 2010, March 2, 2010, March 13, 2010 and March 22, 2010, and on a continuing

10  basis since then, including statutory damages, a trebling of all of actual damages, general and

11  special damages available pursuant to §54.3 of the Civil Code according to proof.

12        52.    As a result of defendants', and each of their, acts and omissions in this regard,

13  plaintiff has been required to incur legal expenses and hire attorneys in order to enforce

14  plaintiff's rights and enforce the provisions of the law protecting access for persons with physical

15  disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to

16  the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all

17  reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally,

18  plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to

19  compel the defendants to make their facilities accessible to all members of the public with

20  disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to

21  the provisions of §1021.5 of the Code of Civil Procedure.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**III.  THIRD CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants THAINA CAFÉ LLC, a California Limited Liability Company; and STAR 94 LLC, a California Limited Liability Company, inclusive)
(Civil Code §51, 51.5)

53.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 52 of this complaint.

54.     Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

2   "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the

3   failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

4   failing to act to identify and remove barriers can be construed as a "negligent per se" act of

5   defendants, and each of them.

6       55.    The acts and omissions of defendants stated herein are discriminatory in nature and

7   in violation of Civil Code §51.5:

8           No business establishment of any kind whatsoever shall
            discriminate against, boycott or blacklist, refuse to buy from, sell to,
9           or trade with any person in this state because of the race, creed,
            religion, color, national origin, sex, or **disability** of the person or of
10          the person's partners, members, stockholders, directors, officers,
            managers, superintendents, agents, employees, business associates,
11          suppliers, or customers.

12          As used in this section, "person" includes any person, firm
            association, organization, partnership, business trust, corporation,
13          limited liability company, or company.

14          Nothing in this section shall be construed to require any
            construction, alteration, repair, structural or otherwise, or
15          modification of any sort whatsoever, beyond that construction,
            alteration, repair or modification that is otherwise required by other
16          provisions of law, to any new or existing establishment, facility,
            building, improvement, or any other structure . . . nor shall anything
17          in this section be construed to augment, restrict or alter in any way
            the authority of the State Architect to require construction,
18          alteration, repair, or modifications that the State Architect otherwise
            possesses pursuant to other laws.

19

20      56.    Defendants' acts and omissions as specified have denied to the plaintiff full and

21  equal accommodations, advantages, facilities, privileges and services in a business establishment,

22  on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil

23  Rights Act.  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A

24  violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public

25  Law 101-336) shall also constitute a violation of this section."  Plaintiff accordingly incorporates

26  the entirety of his  above cause of action for violation of the Americans with Disabilities Act at

27  §33, *et seq*., as if repled herein.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

57.     Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a person or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

58.     Plaintiff CRAIG YATES is entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

**PRAYER:**

Plaintiff prays that this court award damages and provide relief as follows:

**I.     PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. § 1 2101, *et seq.*)**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants THAINA CAFÉ LLC, a California Limited Liability Company; and STAR 94 LLC, a California Limited Liability Company, inclusive)
(42 U.S.C. §12101, *et seq.*)

1.     For injunctive relief, compelling defendants THAINA CAFÉ LLC, a California Limited Liability Company; and STAR 94 LLC, a California Limited Liability Company, inclusive, to make the THAINA CAFE, located at 2414 Lombard Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq*., and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.     For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the prevailing party; and

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

20

1    3.    For such other and further relief as the court may deem proper.

2  **II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
3        EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1
         AND 54.3, *ET SEQ.***
4        (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants THAINA
         CAFÉ LLC, a California Limited Liability Company; and STAR 94 LLC, a California
5        Limited Liability Company, inclusive)
         (California Civil Code §§54, 54.1, 54.3, *et seq.*)

6        1.    For injunctive relief, compelling defendants THAINA CAFÉ LLC, a California

7  Limited Liability Company; and STAR 94 LLC, a California Limited Liability Company,

8  inclusive, to make the THAINA CAFE, located at 2414 Lombard Street, San Francisco,

9  California, readily accessible to and usable by individuals with disabilities, per state law.

10       2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

11 each occasion on which plaintiff was deterred from returning to the subject public

12 accommodation.

13       3.    Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,

14 if plaintiffs are deemed the prevailing party;

15       4.    Treble damages pursuant to Civil Code §54.3;

16       5.    General damages according to proof;

17       6.    For all costs of suit;

18       7.    Prejudgment interest pursuant to Civil Code §3291; and

19       8.    Such other and further relief as the court may deem just and proper.

20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

21

**III.   PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**

(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants THAINA CAFÉ LLC, a California Limited Liability Company; and STAR 94 LLC, a California Limited Liability Company, inclusive)

(California Civil Code §§51, 51.5, *et seq.*)

1.      All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation;

2.      Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing party;

3.      General damages according to proof;

4.      Treble damages pursuant to Civil Code §52(a);

5.      For all costs of suit;

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1      6.      Prejudgment interest pursuant to Civil Code §3291; and

2      7.      Such other and further relief as the court may deem just and proper.

3

4    Dated: _3/23/10_____, 2010        THOMAS E. FRANKOVICH,
                                        *A PROFESSIONAL LAW CORPORATION*
5

6

7                          By: _____

8                                        THOMAS E. FRANKOVICH
                                         Attorneys for Plaintiff CRAIG YATES, an individual
9

                           **DEMAND FOR JURY TRIAL**
10
        Plaintiff hereby demands a jury for all claims for which a jury is permitted.
11

12

13   Dated: _3/23/10_____, 2010        THOMAS E. FRANKOVICH,
                                        *A PROFESSIONAL LAW CORPORATION*
14

15

16                         By: _____
                                         THOMAS E. FRANKOVICH
17                                       Attorneys for Plaintiff CRAIG YATES, an individual

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

23

# EXHIBIT A

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

October 23, 2009

Manager
Thaina a.k.a Tom Yum
2414 Lombard Street
San Francisco, CA 94123

Dear Manager of Thaina a.k.a. Tom Yum:

Hello, my name is Craig Yates. I was just in Thaina a few days ago. I'm a little confused. I thought the name on the awning was "Tom Yum," but the receipt said Thaina. Anyway, I thought I'd bring a couple of things to your attention. As I use a wheelchair, I couldn't get in without assistance because the door swings out and there is no place next to the door (strike side) to have your wheelchair so as to angle in. A waitress came out and held the door open. There was a little slope that kept the door from swinging both ways. Easy to fix this, right?

Then when I needed to use a restroom, I had problems. The partitions down the hallway which separates the kitchen make the wheelchair path too narrow. The doors into the restrooms are not wide enough to get a wheelchair through. How big are the restrooms? What are the dimensions? If the restrooms are small, could you combine them into one usable restroom? What do you think? What could you do with the partitions?

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

There is something that I want to tell each of you and if you care to, I'd like you to tell me what you think. The Americans with Disabilities Act of 1990 was passed 20 years ago. During that time, places like yours were to be made accessible. The Thaina is certainly more than 20 years old, right? The landlord owns the place and rents it to tenants or maybe you've been the only tenant. The landlords past and present have gotten 20 years of rent, right? So, why with all that money aren't things made right? Can you explain it to me? I would really like your take on this. What am I missing here?

Anyway, I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Tom Yum once it's accessible to me. If it's Thaina, I still will come back. Name doesn't really matter. I may still come back before you do the work just because I like the place. If there is some problem doing this, please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

It takes a little time to be able to get helpful information, so I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the Department of Justice at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

So, if you do the work there are many benefits: Disabled people will have access to the same goods and services as the non-disabled, that's called equality. You get a tax credit which is a help to you while at the same time fulfilling your responsibility to provide access, that's good. Access will be good for business. People with disabilities prefer accessible places to spend their money in, that's good. So, I hope you see all the benefits.

Thank you for considering my request.

Sincerely,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

October 23, 2009

Owner of the Building
Thaina a.k.a Tom Yum
2414 Lombard Street
San Francisco, CA 94123

Dear Owner of Building for Thaina a.k.a. Tom Yum:

Hello, my name is Craig Yates. I was just in Thaina a few days ago. I'm a little confused. I thought the name on the awning was "Tom Yum," but the receipt said Thaina. Anyway, I thought I'd bring a couple of things to your attention. As I use a wheelchair, I couldn't get in without assistance because the door swings out and there is no place next to the door (strike side) to have your wheelchair so as to angle in. A waitress came out and held the door open. There was a little slope that kept the door from swinging both ways. Easy to fix this, right?

Then when I needed to use a restroom, I had problems. The partitions down the hallway which separates the kitchen make the wheelchair path too narrow. The doors into the restrooms are not wide enough to get a wheelchair through. How big are the restrooms? What are the dimensions? If the restrooms are small, could you combine them into one usable restroom? What do you think? What could you do with the partitions?

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

There is something that I want to tell each of you and if you care to, I'd like you to tell me what you think. The Americans with Disabilities Act of 1990 was passed 20 years ago. During that time, places like yours were to be made accessible. The Thaina is certainly more than 20 years old, right? The landlord owns the place and rents it to tenants or maybe you've been the only tenant. The landlords past and present have gotten 20 years of rent, right? So, why with all that money aren't things made right? Can you explain it to me? I would really like your take on this. What am I missing here?

Anyway, I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Tom Yum once it's accessible to me. If it's Thaina, I still will come back. Name doesn't really matter. I may still come back before you do the work just because I like the place. If there is some problem doing this, please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

It takes a little time to be able to get helpful information, so I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the Department of Justice at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

So, if you do the work there are many benefits: Disabled people will have access to the same goods and services as the non-disabled, that's called equality. You get a tax credit which is a help to you while at the same time fulfilling your responsibility to provide access, that's good. Access will be good for business. People with disabilities prefer accessible places to spend their money in, that's good. So, I hope you see all the benefits.

Thank you for considering my request.

Sincerely,

Craig Yates